**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EMILE J. DOMINIQUE, IV,  :  Plaintiff,  : : v. : : WATCHTOWER BIBLE AND TRACT  : SOCIENT (JEHOVAH'S WITNESSES),  : *et al.*, : Defendants.  : | CIVIL ACTION NO. 24-CV-5626 |

**MEMORANDUM**

**YOUNGE, J.**                                                                                       **OCTOBER 30, 2024**

Emile J. Dominque, IV filed a *pro se* Complaint asserting constitutional and state law claims against Defendants "Watchtower Bible and Tract Society (Jehovah's Witnesses)," Donald Trump, Mike Johnson, Ring, Comcast, the Walt Disney Company, and Instagram LLC. He seeks billions in damages. Dominique also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Dominique *in forma pauperis* status, and dismiss his Complaint on statutory screening.

**I.      FACTUAL ALLEGATIONS**[1]

Briefly stated, Dominique asserts that Watchtower Bible and Tract Society "ruined [his] life before it started" by defaming him and pretending he was a threat to public safety through its use of social connections, wealth, and the media to extend "unjustified suspicion, and the

---

[1] The factual allegations set forth in this Memorandum are taken from Dominique's Complaint (ECF No. 2). The Complaint consists of the Court's form available to unrepresented litigants to file claims, as well as a typewritten portion. The Court deems the entire submission to constitute the Complaint and adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

empowerment of weaponizing law enforcement against members who no longer agree with [its] cult practices and beliefs." (Compl. at 12.) This has made it impossible for him to buy a home, build wealth, get fertility care to start a family, and start a business. (*Id*.) Watchtower has persuaded people through television networks that Dominique has "no human rights, and that such treatment is justified." (*Id*.) He states he has mental health problems and Watchtower violated the Americans with Disabilities Act and the constitution. Donald Trump has also defamed him on live TV using aliases to target him when "everyone knew who he was **really** talking about." (*Id*. at 13 (emphasis in original).) Mike Johnson, presumably the Speaker of the House but not specifically so identified, "claims that a viral Tik Tok girl (me) is a threat to national security," is using aliases to refer to him, is abusing his power by "going after the joy and happiness movement," and leading an attack on him, all woman, intersex women, and trans women. (*Id*. at 13-14.)

Dominique alleges that Ring "illegally passed a video of [him] disagreeing with a family member to wealth musicians such as Billie Eilish, as well as various other networks." (*Id*. at 14.) The video has been used "to make large profits." (*Id*.) Comcast "has weaponized TV media" against Dominique since 2019 in commercials, movies, books, podcasts and other media, and persuaded others to believe he is Satan by using aliases. (*Id*. at 15.) The Walt Disney Company has also defamed him through movies using aliases, fictious characters, and actors to represent him. (*Id*. at 16.) Its employees allegedly hate him "because I am a bigger faith leader than them, and they were not anointed to be the Messiah." (*Id*. at 17.) Finally, Instagram LLC has allowed "high celebrities" to weaponize the platform against him, posting a video that "had an alias of me, suffering from diabetes, mocking how my lips rub together." (*Id*.) It refused to take down

the post and made large profits "off of this relentless hate." (*Id*.) Dominque seeks compensatory, punitive, and injunctive relief against all Defendants.

## II. STANDARD OF REVIEW

The Court grants Dominique leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Dominique is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). The plaintiff, as the party commencing an

action in federal court, bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.  DISCUSSION

Dominique's federal law claims are factually frivolous because they are wholly incredible.  He describes fantastic and delusional scenarios about public and private actors seeking to violate his rights and defame him that rise to the level of the irrational.  Federal courts routinely dismiss allegations that the government or private actors are targeting individuals with the intention to track, surveil, harm, or defame them as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.  *See, e.g.*, *McGinnis v. Freudenthal,* 426 F. App'x 625, 628 (10th Cir. 2011) ("Mr. McGinnis' claims of electromagnetic torture [by government and prison officials] are delusional and unsupported by any factual basis.  The district court did not abuse its discretion in dismissing these claims as frivolous."); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his

4

success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)).

In addition, to the extent Dominique asserts constitutional claims against Trump and Johnson, the only governmental actors that he names as Defendants, his claims legally baseless because they are not a recognized cause of action under *Bivens*,[2] nor do they constitute a proper extension of *Bivens*.[3]  To the extent he brings constitutional claims against any other named

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures).

[3] The availability of *Bivens* as a cause of action is limited, and the United States Supreme Court "has plainly counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017); *see also Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." (internal quotations marks and citations omitted)).  Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200.  The Supreme Court has recognized an implied private action against federal officials in only three cases:  (1) *Bivens* itself – a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, *id.* 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979); and, (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, *Carlson v. Green*, 446 U.S. 14 (1980).  Dominique's claims do not fall within any of these recognized spheres.

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200.  The "rigorous inquiry" has two steps.  A court must first determine whether the case presents a "new *Bivens* context." *Abbasi*, 582 U.S. at 139-40.  "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id.*  "Differing in a 'meaningful way,' in the very least, means 'an extension' of the *Bivens* remedy, even if just a 'modest extension.'" *Jacobs v. Alam*, 915 F.3d 1028, 1037 (6th Cir. 2019) (quoting *Abbasi*, 582 U.S. at 147 ("[E]ven a modest extension is still an extension.")); *see also Hernandez,* 589 U.S. 93, 102 ("[O]ur understanding of a 'new context' is broad."

5

Defendant, his claims are legally baseless since none of them are "state actors" subject to liability under 42 U.S.C. § 1983, the only vehicle by which constitutional claims may be asserted in a federal court against a non-federal defendant. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). To the extent that Dominique asserts a claim under the Americans with Disabilities Act, his claim is legally baseless because he does not assert he is being excluded from participation in or being denied the benefits of some services, programs, or activities, by reason of his disability by a public entity.[4]

Having dismissed all federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

---

(citation omitted)). Dominique's claims would be a new *Bivens* context and an unwarranted expansion of *Bivens*, and are thus not plausible.

[4] To allege a plausible violation of the ADA, a plaintiff must assert that (1) he is a "qualified individual with a disability;" (2) he is being excluded from participation in or being denied the benefits of some "services, programs, or activities," by reason of his disability; and (3) the entity which provides the service, program or activity is a public entity. *See, e.g., Layton v. Elder*, 143 F.3d 469, 472 (8th Cir.1998); *Bowers v. National Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 475 (D.N.J. 1998); *Adelman v. Dunmire*, No. 95-4039, 1997 WL 164240 (E.D. Pa. Mar. 28, 1997).

defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center."  *Id.* at 80-81.  The citizenship of partnerships and other unincorporated associations including an LLC is determined by the citizenship of its partners or members.  *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of an LLC is determined by the citizenship of its members.  And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.") (internal quotation marks omitted).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Dominique does not allege the citizenship of the parties.  Rather, he provides only addresses for himself and the Defendants, some of whom are corporations and limited liability companies.  Because he has not met his burden to allege the citizenship of these entities, he has

not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.  An appropriate Order dismissing this case will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

/s/ John Milton Younge
_____
**JOHN M. YOUNGE, J.**